IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS DALE BANKSTON,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Respondent.                / | No. C 07-01819 CRB<br><br>**ORDER** |

In 1986 petitioner was convicted by a jury of second-degree murder and was sentenced to 15 years to life with a two-year consecutive enhancement for use of a firearm. He filed this petition for habeas corpus after the California Board of Parole Hearings denied him parole in March 2005. Now pending is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On February 24, 2005, the Superior Court of the State of California in and for the County of Madera granted a petition for habeas corpus of petitioner Lewis Dale Bankston ("Bankston"). The court ordered the California Board of Parole Hearings ("the Board") to conduct a new parole suitability hearing for Bankston and to render a decision that conforms with the following guidelines:

    1.    Comply with In re John E Dannenberg, 34 Cal. 4th 1061 (2005);

      2.      Consider Bankston's psychological profile as a factor favoring his application for a parole date unless a new psychological evaluation supports a different conclusion; and

      3.      Consider Bankston's work history, education, volunteer work and discipline free incarceration as factors supporting his application for parole.

      The Board conducted a subsequent parole consideration hearing on March 23, 2005. The Board again found Bankston not suitable for parole and issued a three-year denial. Bankston then filed in the Madera Superior Court an Application for an Order to Show Cause Re Contempt. Bankston argued that the Board had violated the Superior Court's February 24, 2005 Order granting Bankston's habeas petition.

      The Superior Court ruled that to establish contempt Bankston must show the following: (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order. The court reviewed the Board's decision and found that Bankston had not established that the Board had willfully violated the habeas order and therefore denied Bankston's Application for an Order to Show Cause Re Contempt.

      Bankston subsequently filed a petition for writ of habeas corpus in the California Court of Appeal. The Court of Appeal denied the petition "without prejudice to file a habeas petition in the superior court." The California Supreme Court summarily denied Bankston's petition for review.

      On December 13, 2006, Bankston filed a petition for habeas corpus in Madera County Superior Court alleging that the Board violated his due process rights in denying him parole at the March 2005 parole hearing. While that petition was still pending, Bankston filed the petition currently pending before this Court. After he filed this petition, the Superior Court denied the Madera County Superior Court petition and Bankston filed a petition in the Court of Appeals. After asking for supplementation of the record, the Court of Appeals, 5th District, denied the petition and the California Supreme Court denied review on May 28, 2008.

2

1  Respondent moves to dismiss the petition before this Court on the grounds that (1)
2  Bankston's petition challenges the Superior Court's denial of his Application for an Order to
3  Show Cause Re Contempt and such challenge does not raise a federal constitutional question,
4  and (2) Bankston has failed to exhaust his state court remedies regarding his due process
5  claim.

## DISCUSSION

7  Bankston denies that his petition challenges the Superior Court's denial of his
8  Application for an Order to Show Cause Re Contempt; instead, he argues that he is
9  challenging only the Board's March 2005 denial of parole as a violation of due process. The
10  dispositive question, then, is whether he has exhausted his remedies.

11  The Court agrees with Respondent that at the time Bankston filed this Petition he had
12  not exhausted his remedies. The California Court of Appeal apparently interpreted his state
13  court petition as challenging the denial of his Application for an Order to Show Cause and
14  therefore dismissed his petition without prejudice to filing a new petition in Superior Court.
15  The Supreme Court's denial of review merely affirmed the Court of Appeal's determination.

16  Nonetheless, the public docket reflects that since that time Bankston may have fully
17  exhausted his due process claims arising from the March 2005 denial of parole. According
18  to the public docket, the Court of Appeals, 5th District, denied his new petition and the
19  California Supreme Court denied review. Accordingly, the Court will grant Respondent's
20  motion to dismiss with leave to amend to allege Bankston's exhaustion of remedies.

## CONCLUSION

22  For the reasons stated above, Respondent's motion to dismiss is GRANTED with
23  leave to amend. Bankston shall file his amended petition within 30 days of the date of this
24  Order. Respondent shall file his response within 60 days of the filing of Bankston's
25  amended petition. Bankston's traverse, if any, shall be filed within 30 days of the filing of
26  //
27  //
28  //

3

the response.

**IT IS SO ORDERED.**

Dated: July 21, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE