IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS DALE BANKSTON, | No. C 07-01819 CRB |
| Petitioner, | **ORDER** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

In 1986 petitioner was convicted by a jury of second-degree murder and was sentenced to 15 years to life with a two-year consecutive enhancement for use of a firearm. He filed this petition for habeas corpus after the California Board of Parole Hearings denied him parole in March 2005. Now pending is Respondent's second motion to dismiss. The Court previously granted Respondent's motion to dismiss for failure to exhaust administrative remedies. Petitioner then filed a first amended petition which the Court ordered Respondent to answer. Respondent has now moved to dismiss the amended petition on the ground that it is barred by the one-year statute of limitations.

## PROCEDURAL HISTORY

On February 24, 2005, the Superior Court of the State of California in and for the County of Madera granted a petition for habeas corpus of petitioner Lewis Dale Bankston ("Bankston"). The court ordered the California Board of Parole Hearings ("the Board") to

conduct a new parole suitability hearing for Bankston and to render a decision that conforms with certain requirements.

The Board conducted a subsequent parole consideration hearing on March 23, 2005. The Board again found Bankston not suitable for parole and issued a three-year denial. Bankston then filed an Application for an Order to Show Cause Re Contempt in the Madera Superior Court. Bankston argued that the Board had violated the Superior Court's February 24, 2005 Order granting Bankston's habeas petition.

The Superior Court ruled that to establish contempt Bankston must show the following: (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order. The court reviewed the Board's decision and found that Bankston had not established that the Board had willfully violated the habeas order and therefore denied Bankston's Application for an Order to Show Cause Re Contempt.

Bankston subsequently filed a petition for writ of habeas corpus in the California Court of Appeal. The Court of Appeal denied the petition "without prejudice to file a habeas petition in the superior court." The California Supreme Court summarily denied Bankston's petition for review.

On December 13, 2006, Bankston filed a petition for habeas corpus in Madera County Superior Court alleging that the Board violated his due process rights in denying him parole at the March 2005 parole hearing. While that petition was still pending, Bankston filed the petition currently pending before this Court. After he filed this petition, the Superior Court denied the Madera County Superior Court petition and Bankston filed a petition in the Court of Appeals. After asking for supplementation of the record, the Court of Appeals, 5th District, denied the petition and the California Supreme Court denied review on May 28, 2008.

Respondent moved to dismiss the petition on the grounds that (1) Bankston's petition challenges the Superior Court's denial of his Application for an Order to Show Cause Re

1  Contempt and such challenge does not raise a federal constitutional question, and (2)
2  Bankston had failed to exhaust his state court remedies regarding his due process claim.
3  The Court granted the motion to dismiss on the ground that the California court of appeal
4  apparently interpreted his state court petition as challenging the denial of his Application for
5  an Order to Show Cause and therefore dismissed his petition without prejudice to filing a
6  new petition in superior court.

7  Nonetheless, because the public docket reflected that since that time Bankston had
8  fully exhausted his due process claims arising from the March 2005 denial of parole, the
9  Court granted Respondent's motion to dismiss with leave to amend to allege Bankston's
10 exhaustion of remedies.  Bankston timely filed the amended petition.

11 Respondent now moves to dismiss the amended petition on the ground that the first
12 round of proceedings did not toll the statute of limitations and therefore the filing of the
13 amended petition is barred by the statute of limitations.  In the alternative, Respondent
14 contends that at best tolling did not begin until the filing of the first habeas petition in the
15 California Court of Appeals and that because the 86-day delay between the denial of the
16 superior court petition for habeas corpus on April 17, 2007 and the filing in the state court of
17 appeals on July 12, 2007 is unreasonable.

## DISCUSSION

19 After carefully considering the record, and the papers filed by the parties, the Court
20 DENIES the motion to dismiss.   The Court agrees with Respondent that the filing of the
21 Application for Order To Show Cause Re Contempt did not toll the statute of limitations for
22 filing a federal habeas petition.  The Court also concludes, however, that Bankston's filing of
23 a Petition for Habeas Corpus with the California Court of Appeals on May 19, 2006 tolled
24 the statute of limitations.  While the court chose to dismiss the petition without prejudice to
25 Bankston filing a new habeas petition in the superior court (where his original petition was
26 granted), which Bankston then did, Respondent does not cite any case which suggests that
27 the pendency of that first petition did not toll the running of the statute of limitations.
28

In light of this conclusion, the amended petition is timely. The Court will assume that the statute ran from July 21, 2005 (the date Respondent contends the Board's parole denial became final) until May 19, 2006 (the date of filing the first petition in the Court of Appeals), for a total of 302 days. Respondent contends that the 86 days between the superior court's denial of the petition for habeas corpus on April 17, 2007 and the appellate court filing on July 12, 2007 is unreasonable "because it exceeded the time normally provided by state courts to file an appeal and far exceeded the time allowed by California to file a petition for review." Even if the Court assumes that 86 days is unreasonable, however, it does not follow that the entire period should be excluded; rather, the statute should be tolled for at least 30 days. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (noting that most states provide defendants 30 to 60 days to file an appeal to the state supreme court). Accordingly, the statute ran for an additional 56 days. The 302 days plus the 56 untolled days is less than a year and the First Amended Petition is therefore timely.

## CONCLUSION

Respondent's motion to dismiss is DENIED. Respondent shall file an answer to the First Amended Petition within 30 days of the filing of this Order. Bankston's traverse, if any, shall be filed within 30 days of the filing of the answer.

**IT IS SO ORDERED.**

Dated: March 30, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE